1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   UNITED STATES OF AMERICA,                 No.  2:04-CR-0104-JAM-CMK

12                  Respondent,

13         v.                                   FINDINGS AND RECOMMENDATIONS

14   MARK STEVEN ERCKERT,

15                  Movant.

16

17          Movant, a federal prisoner proceeding pro se, brings this motion to correct or set aside a

18   criminal judgment pursuant to 28 U.S.C. § 2255.  Pending before the court is movant's motion

19   (Doc. 223) and respondent's opposition (Doc. 228).  Movant did not file a reply to respondent's

20   opposition.

21                                    **BACKGROUND**

22          Following a jury trial, movant was convicted of conspiracy to manufacture, distribute, and

23   possess with the intent to distribute more than fifty grams of methamphetamine.   Movant was

24   sentenced to 151 months in prison.  The Ninth Circuit Court of Appeals affirmed movant's

25   conviction on direct appeal, *United States v. Erckert*, 314 F. App'x 45 (9th Cir. 2008), and the

26   United States Supreme Court denied plaintiff's petition for a writ of certiorari, *Erckert v. United*

27   *States*, 556 U.S. 1112 (2009).  The underlying facts of movant's crime are well-known to the

28   parties and the District Judge and, in any event, are not relevant to movant's instant collateral

                                              1

1   challenge which raises a claim of ineffective assistance of counsel.

2   **DISCUSSION**

3   In his § 2255 motion, movant claims that counsel was ineffective because she failed to

4   obtain a transcript of co-defendant Roberto Orantes's detention hearing "and thus was unable to

5   use Mr. Orantes's prior falsehoods and fraudulent conduct to impeach his testimony" at movant's

6   jury trial (Doc 223).  Respondent argues that movant cannot demonstrate either deficient

7   performance of counsel or prejudice.

8   **I.     Standard**

9   The Sixth Amendment guarantees the effective assistance of counsel.  The United States

10   Supreme Court set forth the test for demonstrating ineffective assistance of counsel in *Strickland*

11   *v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).  First, a petitioner must

12   show that, considering all the circumstances, counsel's performance fell below an objective

13   standard of reasonableness.  *See id.* at 688.  To this end, petitioner must identify the acts or

14   omissions that are alleged not to have been the result of reasonable professional judgment.  *See*

15   *id.* at 690.  The federal court must then determine whether, in light of all the circumstances, the

16   identified acts or omissions were outside the wide range of professional competent assistance.

17   *See id.*  In making this determination, however, there is a strong presumption "that counsel's

18   conduct was within the wide range of reasonable assistance, and that he exercised acceptable

19   professional judgment in all significant decisions made."  *Hughes v. Borg*, 898 F.2d 695, 702 (9th

20   Cir. 1990) (citing *Strickland*, 466 U.S. at 689).

21   Second, a petitioner must affirmatively prove prejudice.  *See Strickland*, 466 U.S. at 693.

22   Prejudice is found where "there is a reasonable probability that, but for counsel's unprofessional

23   errors, the result of the proceeding would have been different."  *Id.* at 694.  A reasonable

24   probability is "a probability sufficient to undermine confidence in the outcome." *Id.*; *see also*

25   *Laboa v. Calderon*, 224 F.3d 972, 981 (9th Cir. 2000).

26   **II.     Objective Standard of Reasonableness**

27   Movant fails to show that counsel's performance fell below an objective standard of

28   reasonableness.  First, the premise of movant's argument is demonstrably false:  contrary to

2

1   movant's contention that counsel failed to obtain a transcript of Orantes's detention hearing, that

2   transcript was in the docket nearly two years before movant's trial (*see* Doc. 77).  Second, movant

3   does not identify any "specific instances of fraudulent or dishonest acts" in the transcript, or any

4   information in the transcript that was not produced during counsel's cross-examination of Orantes

5   at movant's trial.

6         Third, even assuming that prosecutors thoroughly impeached Orantes's credibility with

7   specific instances of fraudulent and dishonest acts at the detention hearing—facts movant has

8   alleged but not proved—the court finds no deficiency in counsel's impeachment of Orantes at

9   movant's trial.  The Ninth Circuit addressed an ineffective assistance of counsel claim within the

10  context of cross-examination of a government witness in *Mancuso v. Olivarez*, 292 F.3d 939 (9th

11  Cir. 2002).  Mancuso had argued that counsel's performance was deficient because counsel did

12  not use certain information to highlight the bias of a government witness.  *Mancuso*, 292 F.3d at

13  955.  The Ninth Circuit noted that counsel had used other information to impeach the witness, and

14  explained that "suggestions regarding how defense counsel might have handled [a] cross-

15  examination differently are insufficient to support an ineffective assistance of counsel claim."  *Id.*

16        *Mancuso* is on-point.  Even assuming counsel did not make use of the specific instances

17  of fraudulent and dishonest acts allegedly contained in the transcript of Orantes's detention

18  hearing, counsel used other information to impeach Orantes.  During cross-examination, counsel

19  elicited from Orantes that he made his living selling methamphetamine and that he was testifying

20  pursuant to a plea bargain that could reduce his sentence by 50% (from a minimum of ten years

21  imprisonment to as low as five years) (Doc 228-6 at 27:15-17, 34:3-23).  Movant's single

22  suggestion on how counsel might have handled the cross-examination differently is insufficient to

23  support his ineffective assistance of counsel claim.  *See also Aquino v. Lopez*, No. C 10-4413 SI

24  (pr), 2012 WL 5948913, at *9 (N.D. Cal. Nov. 28, 2012) (applying *Mancuso* and finding

25  "[b]ecause counsel effectively cross-examined [the government's witness], the fact that she did

26  not ask him the specific questions that Aquino suggests does not mean that her performance was

27  deficient.").

28  / / /

3

### III.   Prejudice

Furthermore, movant fails to allege—let alone affirmatively prove—prejudice.  Again, counsel was successful in impeaching Orantes:  during cross-examination Orantes confirmed that he made his living selling methamphetamine and that he was testifying pursuant to a plea bargain that could reduce his sentence by 50% (Doc 228-6 at 27: 15-17, 34: 3-23).  *Cf. Smith v. Adams*, 506 F. App'x 561, 564 (9th Cir. 2013) ("[T]rial counsel had already impeached [a government witness] by introducing several of his prior convictions at trial.  The failure to take additional impeachment measures did not present a colorable claim of deficient performance, or prejudice, under Strickland."), *cert. denied*, ___ U.S. ___, 133 S.Ct. 2003, 185 L.Ed.2d 872 (2013); *Lester v. Ayers*, 267 F. App'x 725, 726 (9th Cir. 2008) ("Given this degree of successful impeachment, it is clear that the additional impeachment urged by Lester would not have changed the result of the proceedings.").

Moreover, the government's case against movant consisted of more than just Orantes's testimony.  *See Erckert*, 314 F. App'x at 46 (citing the "strength of the government's case" in denying movant's direct appeal).  The testimony of two law enforcement officers, each of which testified that movant volunteered incriminating statements on two separate occasions, is particularly noteworthy.  According to the officers, movant stated that he purchased one pound of methamphetamine for $ 8,000 from his co-defendants for approximately six months; he also allegedly recounted several instances in which he purchased a pound from his co-defendants (Doc. 228-7 at 13:4-14:20; Doc. 228-8 at 3:13-10:1, 12:1-14:24).  Movant has failed to overcome this overwhelming evidence of guilt and affirmatively prove prejudice.

### CONCLUSION

Based on the foregoing, the undersigned recommends that movant's § 2255 motion (Doc. 223) be denied.  A hearing pursuant to § 2255 (b) is unnecessary, as the files and records of the case conclusively show that movant is not entitled to relief.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written

1    objections with the court.  Responses to objections shall be filed within fourteen days after

2    service of objections.  Failure to file objections within the specified time may waive the right to

3    appeal.  *See Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

4

5    Dated:  October 7, 2014

6                                                          CRAIG M. KELLISON
                                                          UNITED STATES MAGISTRATE JUDGE
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                              5